IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AARON PAXTON ARNOLD | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | _____ |
| V. | ) | |
| | ) | |
| MY CODE MEDIA, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Aaron Paxton Arnold ("Plaintiff" or "Mr. Arnold"), by and through the undersigned counsel, files this Complaint for Damages against Defendant MY CODE MEDIA ("Defendant" or "MY CODE'), showing this Honorable Court as follows:

## INTRODUCTION

This is an action for employee discrimination in violation of 42 U.S.C. §2000e-3(a) and  Title VII of the Civil Rights Act of 1964 ("Title VII") as amended.  Plaintiff seeks to recover all permissible damages under controlling law as a result of Defendant's willful violation of his right to be free of retaliation for engaging in a protected activity.

## **PARTIES**

1.

Mr. Arnold  is a citizen of the United States and a resident of the State of

Georgia.  Mr. Arnold submits himself to the jurisdiction of this Court.

2.

Defendant MY CODE MEDIA  ("MY CODE"), is a California corporation

doing business in Georgia, and is subject to suits of this kind and nature.  MY

CODE may be served with process pursuant to Rule 4 of the Federal Rules of Civil

Procedure and other applicable law, including, but not limited to, by emailing a

"Waiver of Service of Summons" to Outside Counsel, Tracie Maurer

(tracie.maurer@jacksonlewis.com) of Jackson Lewis, PC. at her place of business,

Jackson Lewis PC, 171 17th Street, NW, Suite 1200, Atlanta, GA 30363, a..

17 3.

At all times relevant to this action, Mr. Arnold was an employee within the

meaning of Title VII.

4.

At all times relevant to this action, Defendant was an "employer" as defined

by Title VII.  At all times relevant to this action, Defendant engaged in an industry

affecting commerce and has employed twenty (20) or more employees for each

working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

5.

At all times material to this Complaint, Mr. Arnold and Defendant were parties to a contract under which Mr. Arnold agreed to work for Defendant and Defendant agreed to compensate Mr. Arnold for his services.

**JURISDICTION AND VENUE**

6.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §1331, and diversity of citizenship jurisdiction, pursuant to 28 U.S.C §1332, and other applicable law.

7.

Venue is proper in this district under 28 U.S.C §1391 (b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

8.

Defendant regularly conducts business within this State and District.

9.

Defendant is subject to the jurisdiction of the Honorable Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.

Mr. Arnold has properly exhausted all administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Mr. Arnold received a Notice of Right to Sue from the EEOC within the last 90 days and has complied with all other conditions precedent to the institution of this lawsuit.

## FACTUAL BACKGROUND

11.

Defendant hired Mr. Arnold in July, 2021, as a Sr. Lead Creative/Producer and hybrid, to serve across other disciplines within the company:  From publishing, to sales, to leadership, due to his 23 years in media and brand-marketing .

12.

Since 2021, Mr. Arnold has been the only African American senior-level male on the Studio team.

13.

Mr. Arnold has led some of MY CODE's most impactful/successful campaigns, both behind-the-scenes, and as the Talent. Defendant has amassed significant monetary rewards as a result of  Mr. Arnold's leadership, skills, experience, and work ethic.

14.

On July 27, 2023, Mr. Arnold participated in a Google Meets phone meeting with Defendant's consultant, Joy Jones, and her supervisor and friend, Carlton Jared Lockett. MY CODE employee.

15.

During the meeting, Plaintiff told Ms. Jones that he couldn't get a word in, because she kept talking over him, and that she was being disrespectful.

16.

Ms. Jones's response to Plaintiff was " you don't  know how to talk to Black women".

17.

Plaintiff alerted Mr. Lockett that he would remove himself from the call and finish any communication via Slack.

18.

Plaintiff ended the call at that point and immediately submitted a complaint in writing to his managers via Slack.

19.

On July 31, 2023, after no movement from either manager (also colleagues/friends of Joy and Carlton) Mr. Arnold submitted a formal, written complaint to the same two managers, which they then forwarded to Human Resources (hereinafter HR).

20.

Plaintiff told HR that he wanted an apology from Ms. Jones, and that she should be required to undergo leadership training.

21.

HR told Plaintiff that the investigation into his complaint would only take a few days.

22.

While awaiting HR's response, Plaintiff began to notice that he was being removed from team calls, and stripped of his normal duties as Creative Lead.

23.

HR responded three (3) weeks later to Mr. Arnold's complaint via a video call, which he understood would be attended only by HR and himself.

24.

At the video meeting, Mr. Arnold was blindsided by Ms. Jones' appearance; she gave a perfunctory apology and exited the meeting within 30 seconds.

25.

After Ms. Jones exited the meeting, HR told Plaintiff that Ms. Jones did not need to take leadership courses, and that because she's a consultant, she can't receive any training. This seemed contradictory in the extreme, since Defendant has given Ms. Jones the authority to "lead" and "train" MY CODE employees.

26.

HR accused Mr. Arnold of using profanity towards Ms. Jones during the July 27, 2023 meeting; called him a liar; and stated that this infraction would be added to his personnel file.

27.

Plaintiff submitted a written, point-by-point response to HR, denying their conclusions, and questioning their investigatory techniques, as he was never contacted during said investigation.

28.

On August 18, 2023, subsequent to Mr. Arnold's meeting with HR, he filed an employee discrimination complaint with EEOC.

29.

After filing his HR complaint, Plaintiff was required to work with Ms. Jones on several occasions, causing him stress and discomfort.

30.

Since filing with HR and EEOC, Mr. Arnold continues to be left out of his team's day-to-day work activities, and has had very limited or no contact with them related to work.

## COUNT I

## RETALIATION AGAINST EMPLOYEES ENGAGED IN PROTECTED ACTIVITY IN VIOLATION OF TITLE VII AND 42 U.S.C. §2000e-3(a)

31.

Mr. Arnold incorporates by reference herein all preceding Paragraphs of the Complaint.

32.

Defendant continues to retaliate against Plaintiff for asserting his protected right to file internal and EEOC complaints about adverse working conditions initially caused by Defendant's consultant.

33.

Defendant continues to discriminate against Mr. Arnold with respect to the terms and conditions of his employment, including work assignments, excluding him from daily work activities and limiting or removing his access to employee group communication sites, such as Slack.

34.

Plaintiff's supervisors have ceased day-to-day communication with him, and offered no explanation for isolating Plaintiff and removing him as Senior Lead Creative of his team.

<u>35.</u>

Defendant, through its agents, acted willfully, wantonly, intentionally and in reckless and callous disregard of Mr. Arnold's federally protected rights.

36.

As a direct and proximate result of Defendant's conduct, Mr. Arnold lives with the daily stress of uncertainty as to his employment status, wondering if/when Defendant will actually fire him.

37.

As a direct and proximate result of Defendant's conduct, Mr. Arnold worries that he has been irreparably harmed regarding future opportunities in the media industry.

38.

As a direct and proximate result of Defendant's conduct, Mr. Arnold is entitled to monetary relief in the form of compensatory damages, attorney's fees, and costs of litigation,

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Mr. Arnold demands a **TRIAL BY JURY** and that the following relief be granted:

a.     That Summons issue requiring Defendant to answer the Complaint within the time provided by law;

b.     Declaratory judgment that defendant violated Title VII, and 42 U.S.C. §2000e-3(a);

c.     Compensatory damages in an amount to be determined by the enlightened conscience of the jury to compensate Mr. Arnold for the significant mental and emotional distress he has suffered as a result of Defendant's discriminatory conduct;

d.     Attorney's fees and costs of litigation;

e.     Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 15th day of November, 2023.

/s/ Job J. Milfort
Job J. Milfort, Esq.
Georgia Bar No. 515915
job@pmlawteam.com
**Local Counsel**
**Prioleau Milfort, LLC**
3800 Camp Creek Pkwy
Building 1800, Suite 124
Atlanta, GA 30331
Phone:  (404) 681-4886
Fax:     (404) 920-3330

/s/ Helen P Arnold
Helen Paxton Arnold, Esq.
Illinois Bar No. 6238971
law565@aol.com
**Attorney *Pro Hac Vice***
**Helen Paxton Arnold, Esq**
P.O. BOX #802038
(773) 218-1755

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

**The undersigned hereby certifies that the foregoing document has been**

**prepared in accordance with the font type and margin requirements of Local**

**Rule 5.1 of the Northern District of Georgia, using a font type of Times New**

**Roman and a 14-point size.**

**/s/ Job J. Milfort**
**Job J. Milfort, Esq.**
**Georgia Bar No. 515915**